**IN THE UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Norfolk Division**

| | |
|---|---|
| **In re: Stacey May Cidlevicz** | **Case No. 17-72795-SCS** |
| **Debtor** | **Chapter 13** |

Address:   425 Garrison Place
           Virginia Beach, VA 23452-5316

Last four digits of Social Security No:        xxx-xx-5008 (Debtor)

## NOTICE OF OBJECTION TO CLAIM

The above named Debtor has filed an Objection to Claim in this bankruptcy case.

**Your claim may be reduced, modified or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to eliminate or change your claims, then no later than 30 days from the date of this notice, you or your attorney must:

File with the Court a written response to the objection, explaining your position, at:

> Clerk of Court
> United States Bankruptcy Court
> 600 Granby Street, 4th Floor
> Norfolk, VA  23501

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

You must also send a copy to:

> Boleman Law Firm, P.C.
> Convergence Center III
> 272 Bendix Road, Suite 330
> Virginia Beach, VA  23452

Kathryne Mary Rose Shaw (VSB #89561)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA 23452
Telephone: (757) 313-3000
Counsel for Debtor

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Dated: March 9, 2018                                    BOLEMAN LAW FIRM, P.C.
                                                        Counsel for Debtor


                                            By:    /s/ Kathryne Mary Rose Shaw
                                                   Kathryne Mary Rose Shaw (VSB #89561)
                                                   Boleman Law Firm, P.C.
                                                   Convergence Center III
                                                   272 Bendix Road, Suite 330
                                                   Virginia Beach, VA 23452
                                                   Telephone (757) 313-3000
                                                   Counsel for Debtor


## CERTIFICATE OF SERVICE

I certify that on March 9, 2018 a copy of the foregoing has been sent to the Chapter 13 Trustee via the Court's CM/ECF system and mailed via first class mail to the following:

Cavalry SPV I, LLC
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell Road
Suite 200
Tucson, AZ 85712

Stacey May Cidlevicz
425 Garrison Place
Virginia Beach, VA 23452-5316


                                                   /s/ Kathryne Mary Rose Shaw
                                                   Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Norfolk Division**

| | |
|---|---|
| In re: Stacey May Cidlevicz | Case No. 17-72795-SCS |
| Debtor | Chapter 13 |

### OBJECTION TO CLAIM NO. 22-1 AND MEMORANDUM IN SUPPORT

Stacey May Cidlevicz, by counsel, files this Objection to the Proof of Claim (Claim No. 22-1) filed by Cavalry SPV I, LLC, as assignee of Capital One, N.A., pursuant to 11 U.S.C. § 502, Federal Rules of Bankruptcy Procedure 3001, 3007 and 9014, and Local Bankruptcy Rules 3007-1 and 9013-1.  In support thereof, Debtor respectfully states the following:

### Jurisdiction

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor, a chapter 13 case having been filed in this Court on August 4, 2017.

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

### Parties

4. Stacey May Cidlevicz (the "Debtor") is the debtor in this case.

5. Respondent Cavalry SPV I, LLC ("Cavalry") is a foreign limited liability company registered with the Virginia State Corporation Commission that filed a proof of claim in the instant case.

Kathryne Mary Rose Shaw (VSB #89561)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA 23452
Telephone: (757) 313-3000
Counsel for Debtor

**Facts**

6. Cavalry's Proof of Claim sets forth its claim as follows: Unsecured in the amount of $438.46.

7. Cavalry's claim states in Part 2, Box 7 of the Proof of Claim that no interest or other charges are included in the claim amount.

8. The second attachment to Cavalry's Proof of Claim form purports to be an account summary (the "account summary") setting forth the following information: (1) that the "principal due" is $437.46, (2) "interest due" is $0.00, (3) that "all other charges" total $0.00, and (4) that the entity from whom Cavalry purchased the account Capital One, N.A.. Debtor denies the accuracy of these statements in the account statement.

9. Cavalry's Claim has a document attached to it that purports to be a Credit Card Statement from Capital One, N.A. (the "Statement").

10. The Statement sets forth the following information, among other things:

    a. The previous balance was $404.06;

    b. The new balance was $437.46;

    c. Fees charged were $25.00;

    d. Interest charged was $8.40;

    e. Total fees charged in 2017 were $25.00; and

    f. Total interest charged in 2017 was $63.27.

11. Cavalry's claim relates to a credit contract on which interest and fees are regularly assessed. Debtor asserts that Cavalry's account statement does not properly, accurately, or truthfully itemize the interest, fees, and other costs embedded in the claim amount.

**Discussion**

12. Pursuant to 11 U.S.C. § 502(a), a claim is "deemed allowed, unless a party in interest . . . objects."

13. Pursuant to 11 U.S.C. § 502(b)(1), where an objection is made to a claim, the Court "shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that . . . [ ] such claim is unenforceable against the debtor(s) and property of the debtor(s), under any agreement or applicable law . . . ."

14. Pursuant to Federal Rules of Bankruptcy Procedure 3001(c)(2), "If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim."

15. Pursuant to Federal Rules of Bankruptcy Procedure 3001(c)(3)(B), "On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing [upon which the claim is based]."

16. Pursuant to Federal Rules of Bankruptcy Procedure 3001(f), "a proof of claim executed and filed" in accordance with the rules "shall constitute prima facie evidence of the validity and amount of the claim."

**First Objection to Claim**

17. Cavalry's account statement falsely attests under oath that the claim amount includes $0.00 in interest and $0.00 in other charges. It fails to separately state anything regarding the fee amounts embedded in the claim amount.

18. Cavalry's account statement is directly contradicted by its own sworn statement in

Part 2, Box 7 of the Proof of Claim and by the Credit Card Statement. Accordingly, Debtor is unable to efficiently use the Proof of Claim to determine what part of the amount claimed by Cavalry is attributable to principal, and what amount to interest and fees.

19. Under Federal Rules of Bankruptcy Procedure 3001(c)(2)(D), and after further Motion by the Debtor, this Court should preclude Cavalry from presenting any evidence to the contrary of what it has sworn to in its claim, dismiss Cavalry's claim, and award other appropriate relief, including reasonable expenses and attorneys' fees.

## Second Objection to Claim

20. Debtor's Schedules do not include any debt to Cavalry and, accordingly, Debtor denies owing a debt to Cavalry and requests strict proof thereof.

21. Debtor specifically asserts, pursuant to 11 U.S.C. § 502(b)(1) and (9), that Cavalry cannot enforce this debt against her.

22. Debtor affirmatively asserts that Cavalry failed to attach the writing upon which Cavalry's claim is based. Pursuant to Federal Rule of Bankruptcy Procedure 3001(c)(3)(B), the Debtor requests that Cavalry provide her with a copy of the writing upon which the claim is based, or a statement of the circumstances of the loss or destruction of such writing, within 30 days.

WHEREFORE, Debtor respectfully requests that the Court sustain this Objection to Claim, disallow the claim, grant Debtor leave to file a separate Motion seeking appropriate sanctions against Cavalry including the Debtor's reasonable attorney fees and expenses, and order such other and further relief as is just and proper.

        Respectfully submitted,
**Stacey May Cidlevicz**
By Counsel

/s/ Kathryne Mary Rose Shaw
Kathryne Mary Rose Shaw (VSB #89561)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor

## CERTIFICATE OF SERVICE

    I certify that on March 9, 2018 a copy of the foregoing has been sent to the Chapter 13 Trustee via the Court's CM/ECF system and mailed via first class mail to the following:

Cavalry SPV I, LLC
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell Road
Suite 200
Tucson, AZ 85712

Stacey May Cidlevicz
425 Garrison Place
Virginia Beach, VA 23452-5316

        /s/ Kathryne Mary Rose Shaw
        Counsel for Debtor